## WALKER v. CUNNINGHAM.

### No. 9178.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1933.

Rehearing Denied Jan. 17, 1934.

Dibrell, Mosheim & Campbell, of Seguin, for appellant.

Knetsch, Stevenson & Knetsch, of Seguin, for appellee.

SMITH, Justice.

At an election held on May 14, 1932, for trustee in common school district 39 in Guadalupe county the returns made by the election officials showed Noah Walker received fifty-six votes and John Cunningham forty-six votes, and upon those returns the county commissioners' court declared Walker to have been duly elected as such trustee. Cunningham brought a contest in the district court, in which the ballot box was opened, the ballots counted, and Cunningham declared elected by a vote of fifty to Walker's forty-nine. The latter has appealed.

Appellant challenges the right of the court to open the ballot boxes, disregard the re-

turns, and ascertain the result from ballots. Appellant also challenges the votes of Glenn Wren and wife, Elizabeth, upon the ground that they were not residents of the district in which they voted, and of Leonard Hardeman upon the ground that he had paid no poll tax and was not entitled to exemption upon the claimed ground that he was over sixty years of age. Those three votes were cast and counted for appellee.

■ We have concluded that the record sustains the rulings complained of; that the questions raised were of fact; that the court's findings thereon were supported by some material evidence, and are therefore binding upon this court.

■■ There was material evidence that the returns were fraudulently made, and that the ballot box had remained in the custody of the proper officers in the interim and had not been tampered with. The court found for the contestant upon those issues. Such finding authorized and required the court, upon the contestant's insistence, to open the box and allow the ballots in evidence, and, in case of conflict between the returns and the ballots, to determine the true result from the latter.

16 Tex. Jur. pp. 182, et seq., § 142, and authorities there cited. It is true, as appellant contends, that the returns are prima facie evidence of the result, but it is equally true that this presumption may be rebutted in the above state of facts. Id.

■ The questions of the voting residence of Glenn and Elizabeth Wren, and the age of Leonard Hardeman, were likewise questions of fact, determinable from the evidence, by the trial judge, there being no jury. There was much testimony, pro and con, upon both issues. It is not deemed necessary to set out that evidence here. It is sufficient that we cannot say, least of all as a matter of law, that the trial judge did not properly and fairly resolve the issues raised by that evidence, there being definite conflicts therein. Upon the bald face of the record, this court, or any court, might not find with the trial judge. But the matters may not be determined from that view, but rather from the trial judge's point of vantage, from which he could more accurately appraise the evidence in all its aspects, after hearing and observing the witnesses in person, on the stand, under oath.

The judgment is affirmed.